No. 86,609

In the Matter of MEGAN J. CRAMER, *Respondent*.

(26 P.3d 1245)

Opinion filed July 13, 2001.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

No appearance by the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Megan Jennifer Cramer, an attorney of Kansas City, Missouri, who has heretofore been admitted to practice law in the State of Kansas. Respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Kansas City, Missouri.

The complaint filed against respondent arises out of a final adjudication in Missouri that respondent was guilty of violating Missouri Rules of Professional Conduct (Disciplinary Case File No. 97-0570-16 and No. 99-0488-IV). The complaint herein is filed pursuant to Rule 202 (2000 Kan. Ct. R. Annot. 221).

Although being duly notified of the filing of the formal complaint herein and the hearing thereon, respondent did not file an answer or appear before the Kansas Board for Discipline of Attorneys (Board) or before this court.

Rule 202 provides, *inter alia*: "A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceedings in this state."

The Missouri proceedings involved three separate complaints. In the first proceeding, the respondent entered into a joint stipulation of fact and recommended discipline with the Missouri chief disciplinary counsel. Thereupon, the Missouri panel found respondent guilty of professional misconduct under Rule 4-8.4(a), 4-1.1, 4-1.3, 4-1.4, 4-2.1, 4-8.4(c), and 4-8.4(d). Thereafter, on July 7, 1999, two additional complaints of misconduct by the respondent were brought to the attention of the chief disciplinary counsel. On

October 7, 1999, the respondent applied to voluntarily surrender her license to practice law in Missouri. In response, the chief disciplinary counsel filed a report recommending the Missouri Supreme Court accept the respondent's surrender of her license. The report included the following:

"1. Ms. Cramer has applied to surrender her license pursuant to Rule 5.25. Said application is premised on her admission to disciplinary charges pending in Disciplinary Case File #99-0488-IV. A copy of the complaint is attached to her Application. The allegations in that complaint included charges that Ms. Cramer allowed statutes of limitations to pass on two clients' cases, and that she misrepresented the cases' status to her former partner. As noted, she admitted the allegations of the complaint.

"2. In her application to surrender her license, Ms. Cramer acknowledged that she is unable to properly discharge her duties as an attorney by reason of clinical depression."

On November 23, 1999, the Missouri Supreme Court accepted the respondent's surrender of her license to practice law in Missouri and ordered the respondent disbarred.

Here, the hearing panel concluded that the respondent's conduct violated KRPC 1.1 (2000 Kan. Ct. R. Annot. 300) (competence), 1.3 (2000 Kan. Ct. R. Annot. 310) (diligence and promptness), 1.4 (2000 Kan. Ct. R. Annot. 320) (communication), 8.4(c) (2000 Kan. Ct. R. 420) (misrepresentation), and 8.4(d) (2000 Kan. Ct. R. Annot. 420) (misconduct). The panel also found respondent violated Kansas Supreme Court Rules 207(b) (2000 Kan. Ct. R. Annot. 237) and 211(b) (2000 Kan. Ct. R. Annot. 250). The panel recommended that the respondent be disbarred.

The court, having considered the record and the panel's final hearing report, concurs in and adopts the panel's conclusions and recommendations.

IT IS THEREFORE ORDERED that Megan Jennifer Cramer be and she is hereby disbarred from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Megan Jennifer Cramer from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that Megan Jennifer Cramer shall forthwith comply with the provisions of Supreme Court Rule 218 (2000 Kan. Ct. R. Annot. 266), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.